# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| EL C LOGAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) Case No. CIV-22-1083-F |
| | ) |
| OKLAHOMA CITY POLICE | ) |
| DEPARTMENT, JASON HODGES, | ) |
| Badge #1142, FNU PONDER, Badge | ) |
| #2090, FNU SHEETS, Badge #1805, | ) |
| | ) |
| Defendants. | ) |

## ORDER

Before the court is the "Motion to Dismiss and/or Motion to Quash of Defendants Hodges, Ponder, and Sheets," filed January 18, 2023. Doc. no. 8. Defendants[1] seek, pursuant to Rule 12(b)(4) and Rule 12(b)(5) of the Federal Rules of Civil Procedure, to dismiss or quash this action against them because their summonses were not issued by the court, and they were not properly served with process under federal or state law. Plaintiff El C Logan has not responded to the motions within the time specified by Rule 7.1(g) of the Local Civil Rules of the United States District Court for the Western District of Oklahoma. Pursuant to that rule, the court, in its discretion, deems the motions confessed. Upon independent

---

[1] Defendants are all employed by the City of Oklahoma City as police officers. They appear to be sued in their individual capacities. The other named defendant in plaintiff's complaint is the Oklahoma City Police Department.

review of the confessed motions, the court will grant the motion to quash and deny as moot the motion to dismiss.[2]

Rule 4(a) of the Federal Rules of Civil Procedure requires that a summons "be signed by the clerk" and "bear the court's seal."  Rule 4(a)(1)(F) and (G), Fed. R. Civ. P.  And Rule 4(b) of the Federal Rules of Civil Procedure provides that "[i]f the summons is properly completed, the clerk must sign, seal, and issue it to the plaintiff for service on the defendant."  Rule 4(b), Fed. R. Civ. P.  The record reflects that the summonses for defendants Hodges, Ponder, and Sheets are not signed by the court clerk and do not bear the court's seal.  See, doc. nos. 3, 4, and 5.  As such, the court lacks personal jurisdiction over the defendants.  Smith v. Allbaugh, No. CIV-16-654-G, 2018 WL 5114146, at *2 (W.D. Okla. Oct. 19, 2018) ("'A summons which is not signed and sealed by the Clerk of the Court fails to confer personal jurisdiction over the defendants' and is 'incurably defective.'") (quoting Sarnella v. Kuhns, No. 17-cv-02126-WYD-STV, 2018 WL 1444210, at *2 (D. Colo. Mar. 23, 2018)).

Additionally, Rule 4(c)(1) of the Federal Rules of Civil Procedure requires that a summons "be served with a copy of the complaint."  Rule 4(c)(1), Fed. R. Civ. P.  The record reflects that plaintiff's complaint did not accompany any of the summonses for defendants.  See, doc. no. 8, Exhibits 1, 2, and 3.  Absent proper service of the complaint on the defendants, the court also lacks personal jurisdiction over the defendants.  Price v. Cochran, 66 Fed. Appx. 781, 786 (10th Cir. 2003).

Finally, Rule 4(e) of the Federal Rules of Civil Procedure provides that an individual may be served by "following state law . . . where the district court is

---

[2] "'Motions under Federal Rules 12(b)(4) and 12(b)(5) differ from the other motions permitted by Rule 12(b) somewhat in that they offer the district court a course of action—quashing the process without dismissing the action—other than simply dismissing the case when the defendant's defense or objection is sustained.'"  Smith v. Allbaugh, No. CIV-16-654-G, 2018 WL 5114146, at *1 (W.D. Okla. Oct. 19, 2018) (quoting 5B Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure, § 1354 (3d ed. 2004)).

located or where service is made . . . ." Rule 4(e)(1), Fed. R. Civ. P. The applicable state law would be Oklahoma law. The record reflects that the summons for each of the defendants was served on Kelli Grove. *See*, doc. nos. 3, 4, and 5. According to defendants, Ms. Grove is the Police Court Liaison for the Oklahoma City Police Department. Oklahoma law permits service by delivering a copy of the summons and the complaint upon "an agent authorized by appointment or by law to receive service of process." 12 O.S. § 2004(C)(1)(c)(1). Authorization by appointment requires an agent to be expressly appointed to receive service of process; a general agency relationship is not sufficient. Washington v. City of Oklahoma City, No. CIV-20-266-D, 2021 WL 798384, at *3 (W.D. Okla. March 2, 2021). And authorization by law occurs only where there is a legislative enactment allowing such service of process. *Id*. There is no indication that Ms. Grove is authorized by appointment or by law to accept service of process on behalf of defendants, Hodges, Ponder, and Sheets. The proof of service indicates that Ms. Grove is designated by law to accept service of process on behalf of the Oklahoma City Police Department, not the individual defendants. *See*, doc. nos. 3, 4, and 5.

While Oklahoma law only requires substantial compliance with the service of process requirements in 12 O.S. § 2004, *see*, Hukill v. Oklahoma Native American Domestic Violence Coalition, 542 F.3d 794, 798 (10th Cir. 2008), plaintiff has not demonstrated, and the record does not reflect, that he substantially complied with those requirements. The court concludes that plaintiff did not substantially comply with the service of process requirements in 12 O.S. § 2004. *See*, Washington, 2021 WL 798384, at * 4 (finding plaintiff did not substantially comply with the statutory service of process requirements by serving process upon the court liaison for the Oklahoma City Police Department for officers sued in their individual capacities).

Due to the insufficient content of the summonses and the insufficient service of process, the court finds that the service of process on defendants Hodges, Ponder, and Sheets should be quashed. Accordingly, defendants' Motion to Quash is

3

**GRANTED**. Service of process on defendants, Hodges, Ponder, and Sheets is **QUASHED**. Given the ruling, defendants' Motion to Dismiss is **DENIED as MOOT**.

Rule 4(m) of the Federal Rules of Civil Procedure provides for a defendant to be served within 90 days after the complaint is filed. The complaint in this case was filed on December 21, 2022. The 90-day period for service of process will expire on March 21, 2023. Accordingly, plaintiff El C Logan will have until **March 21, 2023** to effectuate service of process on each of the defendants, Hodges, Ponder, and Sheets, in accordance with Rule 4, Fed. R. Civ. P.

If plaintiff fails to effectuate service of process on any of the defendants by March 21, 2023, plaintiff shall file, no later than **March 28, 2023**, a document showing good cause for plaintiff's failure to effectuate service of process on the defendant or defendants within the time prescribed. If plaintiff fails to file the document by March 28, 2023, or if the court, after reviewing the document filed, finds that plaintiff has not shown good cause for failure to effectuate service of process on the defendant or defendants within the time prescribed, the court will consider whether a permissive extension of time to effectuate service of process is warranted. *See*, Espinoza v. United States, 52 F.3d 838, 841 (10th Cir. 1995). If the court finds that a permissive extension is not warranted, the court will dismiss plaintiff's action against the defendant or defendants without prejudice under Rule 4(m), Fed. R. Civ. P.

IT IS SO ORDERED this 10th day of February, 2023.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

22-1083p001.docx