# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

EL C LOGAN,                                      )
                                                 )
                    Plaintiff,                   )
                                                 )
-vs-                                             )          Case No. CIV-22-1083-F
                                                 )
OKLAHOMA CITY POLICE                             )
DEPARTMENT, JASON HODGES,                        )
Badge #1142, FNU PONDER, Badge                   )
#2090, FNU SHEETS, Badge #1805,                  )
                                                 )
                    Defendants.                  )

## ORDER

There are three motions pending before the court:

"Defendant City's Motion to Dismiss" (doc. no. 15), filed March 22, 2023;

"Motion to Dismiss and/or Motion to Quash of Defendants Hodges, Ponder, and Sheets" (doc. no. 16), filed March 23, 2023; and

Plaintiff's "Notice of Motion and Motion to Amend Complaint" (doc. no. 21), filed April 5, 2023.[1][2]

Upon review, the court finds the motions to dismiss should be granted and plaintiff's motion to amend complaint should be denied.

---

[1] The court also received the "Motion to Respond to Document 16 from Plaintiff El C Logan" (doc. no. 19), filed April 4, 2023.  Plaintiff states in part "All three of the defendants, and the city have been served with complaints attached."  The court construes the motion as plaintiff's response to the "Motion to Dismiss and/or Motion to Quash of Defendant Hodges, Ponder and Sheets" and "Defendant City's Motion to Dismiss."

[2] Although the time for defendants to respond to the "Notice of Motion and Motion to Amend Complaint" has not yet expired, *see*, Rule 7.1(g) of the court's Local Civil Rules, the court finds no response is required.

Procedural History

On December 21, 2022, plaintiff El C Logan, proceeding *pro se*, filed a Complaint for a Civil Case, seeking damages under 42 U.S.C. § 1983 and Oklahoma law, arising from his arrest for trespassing.[3]  *See*, doc. no. 1.  Jason Hodges - Badge #1142, FNU Ponder - Badge #2090, and FNU Sheets - Badge #1805 were named as defendants both in the body and caption of the pleading as defendants.  The Oklahoma City Police Department was named as a defendant only in the caption. Attached to the Complaint for a Civil Case were supporting documents, including an unsigned Notice of Tort Claim.  *See*, doc. no. 1-1.

On January 3, 2023, plaintiff filed a "Proof of Service" for each of the individual defendants.  *See*, doc. nos. 3-5.

On January 18, 2023, the individual defendants moved to dismiss plaintiff's action or to plaintiff's quash service of process.  *See*, doc. no. 8.  The asserted grounds supporting the motions were:  (1) the summonses were not signed by the court clerk and did not bear the court's seal as required by Rule 4(a)(1)(F) and (G) of the Federal Rules of Civil Procedure (Fed. R. Civ. P.); (2) plaintiff's Complaint for a Civil Case was not attached to any of the summonses as required by Rule 4(c)(1), Fed. R. Civ. P.; and (3) the summonses were not served as allowed by Rule 4(e), Fed. R. Civ. P., because they were served upon Kelli Grove, a Court Liaison for the Oklahoma City Police Department, who was not "an agent authorized by appointment or by law to receive service of process"[4] for the individual defendants.

On February 10, 2023, the court granted the motion to quash due to the insufficient content of the summonses and the insufficient service of process.  The court denied the motion to dismiss as moot.  *See*, doc. no. 9.  The court gave plaintiff until March 21, 2023, to effectuate service of process on the individual defendants.

---

[3] The Complaint for a Civil Case is a standardized form the court has available for use by plaintiffs who are proceeding *pro se*.

[4] Rule 4(e)(2), Fed. R. Civ. P. and 12 O.S. § 2004(C)(1)(c)(1).

2

The court also required that if service of process were not effectuated by March 21, 2023, plaintiff had to file, by March 28, 2023, a document showing good cause for his failure to effectuate service of process within the time prescribed.  If plaintiff failed to file a document by March 28, 2023, or if the court, after reviewing the document filed, found that plaintiff has not shown good cause for failure to effectuate service of process on the defendant or defendants with the time prescribed, the court would consider whether a permissive extension of time to effectuate service of process was warranted, and if not warranted, the court would dismiss plaintiff's action against the defendant or defendants without prejudice under Rule 4(m), Fed. R. Civ. P.  *Id.*, ECF p. 4.

On February 28, 2023, plaintiff had new summonses issued by the court clerk for the individual defendants.  *See*, doc. no. 10.  Attached to the new summonses was an Amended Notice of Tort Claim dated February 21, 2023.  *Id.*, Attachment no. 1.   He also had a summons issued on March 1, 2023, for "The City of Oklahoma City. (Towards Oklahoma City Police Department)."  *See*, doc. no. 11.

On March 7, 2023, plaintiff filed a "Proof of Service" for the four summonses.  *See*, doc. no. 12.

After defendants' pending motions were filed, plaintiff had additional summonses issued by the court clerk for Oklahoma City, Oklahoma/Oklahoma City Police Department and the individual defendants on March 27, 2023 and April 5, 2023.  *See*, doc. nos. 17 and 20.  On April 10, 2023, plaintiff filed a "Proof of Service" for summonses issued on April 5, 2023 for Oklahoma City, Oklahoma/ Oklahoma City Police Department and the individual defendants.  Attached to the returned summonses was an Amended Notice of Tort Claim dated April 5, 2023.  *See*, doc. nos. 23-26 and Attachment no. 2.

Individual Defendants' Motion

In their motion, the individual defendants seek, pursuant to Rule 4(c)(1), Rule 4(e)(2)(C), Rule 12(b)(4), and Rule 12(b)(5), Fed. R. Civ. P., to dismiss plaintiff's

action or to quash the service of process.  They contend that they were not properly served under federal or state law.  Additionally, they assert that the summonses issued February 28, 2023 were accompanied by an Amended Notice of Tort Claim rather than plaintiff's Complaint for a Civil Case.  They point out that a notice of tort claim is a prerequisite for a lawsuit against a political subdivision, such as the City of Oklahoma City, under the Oklahoma Governmental Tort Claims Act, 51 O.S. § 156, and that the notice is to be submitted to the political subdivision, rather than the court.  Citing 51 O.S. § 153(C), they state that employees acting within the scope of employment are not proper defendants under the Act.  In addition, they assert that the summonses were served on Jennifer Stover, who is also a Court Liaison for the Oklahoma City Police Department.  They contend that Ms. Stover is not an agent authorized by appointment or by law to accept service of process for the individual defendants.

In response, plaintiff maintains that the individual defendants have been properly served under Rule 4(c)(1) and Rule 4(e)(2)(C).  The court disagrees.

Rule 4(c)(1), Fed. R. Civ. P., requires that a summons "be served with a copy of the complaint."  Rule 4(c)(1), Fed. R. Civ. P.  The operative complaint in this case is plaintiff's Complaint for a Civil Case (and the supporting documents attached).  The record reflects that plaintiff's Complaint for a Civil Case did not accompany any of the summonses for defendants.  Even though plaintiff had additional summonses issued on April 5, 2023, they also were not accompanied by plaintiff's Complaint for a Civil Case.[5]  Absent proper service of the complaint on the defendants, the court lacks personal jurisdiction over the individual defendants.  <u>Price v. Cochran</u>, 66 Fed. Appx. 781, 786 (10th Cir. 2003).

---

[5] Plaintiff had filed his "Notice of Motion and Motion to Amend Complaint" on April 5, 2023.  The court had not granted plaintiff leave to file an amended complaint at the time the summonses were issued.  And under Rule 15(a), Fed. R. Civ. P., plaintiff was required to obtain leave of court to file an amended complaint.  Further, as stated hereinafter, the court finds that plaintiff's motion to amend complaint should be denied.

Additionally, Rule 4(e) of the Federal Rules of Civil Procedure provides that an individual may be served by "delivering a copy of [the summons and of the complaint] to an agent authorized by appointment or by law to receive service of process." Rule 4(e)(2), Fed. R. Civ. P. It also provides that an individual may be served by "following state law . . . where the district court is located or where service is made . . . ." Rule 4(e)(1), Fed. R. Civ. P. The applicable state law would be Oklahoma law which, like Rule 4(e)(2), permits service by delivering a copy of the summons and the complaint upon "an agent authorized by appointment or by law to receive service of process." 12 O.S. § 2004(C)(1)(c)(1).

The record reflects that the summons for each of the defendants was served on Jennifer Stover. *See*, doc. nos. 3, 4, and 5. Ms. Stover is a Court Liaison for the Oklahoma City Police Department. Authorization by appointment requires an agent to be expressly appointed to receive service of process; a general agency relationship is not sufficient. Washington v. City of Oklahoma City, No. CIV-20-266-D, 2021 WL 798384, at *3 (W.D. Okla. March 2, 2021). And authorization by law exists only where there is a legislative enactment allowing such service of process. *Id*. There is no indication that Ms. Stover is authorized by appointment or by law to accept service of process on behalf of defendants, Hodges, Ponder, and Sheets.

In addition, the record reflects that the additional summonses for the individual defendants were served upon "Marshall (OCPD [Liaison])." *See*, doc. nos. 24-26. There is no indication that "Marshall," who apparently is another Court Liaison for the Oklahoma City Police Department is authorized by appointment or by law to accept service of process on behalf of defendants, Hodges, Ponder, and Sheets.

While Oklahoma law only requires substantial compliance with the service of process requirements in 12 O.S. § 2004, *see*, Hukill v. Oklahoma Native American Domestic Violence Coalition, 542 F.3d 794, 798 (10th Cir. 2008), plaintiff has not demonstrated, and the record does not reflect, that he substantially complied with

those requirements.  The court concludes that plaintiff did not substantially comply with the service of process requirements in 12 O.S. § 2004.  *See*, Washington, 2021 WL 798384, at * 4 (finding plaintiff did not substantially comply with the statutory service of process requirements by serving process upon the court liaison for the Oklahoma City Police Department for officers sued in their individual capacities).

Because the summonses were not properly served upon persons who are authorized by appointment or law to accept service of process for the individual defendants, the court finds that the service of process on defendants Hodges, Ponder, and Sheets was again defective.  The court thus concludes it lacks personal jurisdiction over the individual defendants.

Although the court has the option to quash the service of process rather than dismiss when a defendant moves for dismissal under Rule 12(b)(5), *see*, Washington 2021 WL 798384, at *4, the court finds that dismissal of this action is appropriate. The court has previously quashed service of process upon the individual defendants because plaintiff attempted to serve them by serving the Court Liaison for the Oklahoma City Police Department.  Although plaintiff knew from the court's prior order that the Court Liaison is not an agent authorized by appointment or by law to accept service of process on the individual defendants, plaintiff nonetheless attempted to again serve the individual defendants by serving two different Court Liaisons.  Further, the court advised plaintiff that he needed to obtain service of process by March 21, 2023, and that if he failed to obtain service of process by that date, he was required to file a document by March 28, 2023, showing good cause for his failure to obtain service of process.  Plaintiff has not filed any document showing good cause for his failure to obtain service of process upon the individual defendants by March 21, 2023.  Although the court may grant plaintiff a permissive extension of time to obtain service of process, the court sees no justification to grant a permissive extension of time.  Therefore, the defendants' motion to dismiss will be granted, and their motion to quash will be denied.  Plaintiff's Complaint for a Civil

Case as well as his action will be dismissed without prejudice under Rule 12(b)(5). It will also be dismissed without prejudice under Rule 4(m), Fed. R. Civ. P., for failure to effectuate service of process within the required 90-day period.

<u>City's Motion</u>

Initially, the City of Oklahoma City (City), in its motion, notes that plaintiff has named the Oklahoma City Police Department as a defendant. It asserts that the police department is not a suable entity. Therefore, it contends that to the extent the Oklahoma City Police Department is sued as a defendant, it is subject to dismissal.

The City additionally contends that plaintiff served the summons for it (and the Oklahoma City Police Department) on Ms. Stover. However, the City asserts that service of process on Ms. Stover is improper under federal and state law. It points out that Rule 4(j)(2), Fed. R. Civ. P., permits service of process on a municipality by "delivering a copy of the summons and the complaint to its chief executive officer," or by "serving a copy of each in the manner prescribed by that state's law[.]" As to the latter, the City asserts that a municipality may be served under Oklahoma law, 11 O.S. § 22-103, by serving the summons and the complaint "upon the municipal clerk, or in his or her absence then upon the deputy municipal clerk and upon the mayor." The City asserts that Ms. Stover, a Court Liaison for the Oklahoma City Police Department, is not the chief executive officer or the municipal or deputy municipal clerk. Because Ms. Stover was not authorized under federal or Oklahoma law to accept service of process for the City, it contends that service of process upon Ms. Stover was not proper.

Further, the City contends that dismissal is warranted to the extent plaintiff is alleging any tort claim under Oklahoma law against it. To allege a tort claim, the City asserts that plaintiff must comply with the notice requirements of the Oklahoma Governmental Tort Claims Act before filing suit. The City maintains that plaintiff must plead compliance with the notice requirements in his complaint. It points out that plaintiff's complaint does not show compliance with the notice requirements in

7

his complaint.  The City notes that it did not receive a copy of the Amended Notice of Tort Claim with the March 1, 2023-issued summons.

Lastly, the City asserts that although plaintiff seeks punitive damages, under Supreme Court precedent, punitive damages are not recoverable against it.

Upon review, the court concludes that the City's motion should be granted. As stated, plaintiff has named the Oklahoma City Police Department as defendant in the caption of the Complaint for a Civil Case.  However, the Oklahoma City Police Department is not a suable entity.  *See*, Martinez v. Winner, 771 F.2d 424, 444 (10th Cir. 1985), *modified in part on rehearing*, 778 F.2d 553 (10th Cir. 1985).  In any event, the Oklahoma City Police Department was not properly served under Rule 4(j)(2) and 11 O.S. § 22-103 by plaintiff serving Ms. Stover.  While plaintiff had an additional summons issued for Oklahoma City, Oklahoma/Oklahoma City Police Department on April 5, 2023, that summons was served on "Rachel," with the "Office of Municipal Courts."  Doc. no. 23.  Such service of process does not comply with Rule 4(j)(2) and 11 O.S. § 22-103.  Nor does it comply with Rule 4(c), Fed. R. Civ. P., because the summons was not accompanied by plaintiff's Complaint for a Civil Case.

Although the court may quash service of process rather than dismiss under Rule 12(b)(5), Fed. R. Civ. P., *see*, Washington, 2021 WL 798384, at *4, the court finds that dismissal is appropriate given that the Oklahoma City Police Department is not a suable entity.

The court recognizes that the defect in naming Oklahoma City Police Department as a defendant may be remedied by plaintiff amending his complaint to name the City of Oklahoma City.  *See*, Shangreaux v. Midwest City Police Dept., 936 F.2d 583, 1991 WL 104313, at *2 (10th Cir. 1991) (unpublished decision cited as persuasive pursuant to 10th Cir. R. 32.1(A)).  However, the proposed amended complaint plaintiff seeks to file is an Amended Notice of Tort Claim dated April 5, 2023.  That document is not a proper form of pleading under Rule 10(a), Fed. R.

Civ. P.  It also does not comply with Rule 11(a), Fed. R. Civ. P., as it does not state the signer's address, e-mail address and telephone number.  It further fails to comply with Rule 8(a).  There is no statement as to the grounds of the court's jurisdiction. Further, there is no statement of a claim against the City of Oklahoma City.  It only refers to the individual defendants.

The court concludes that dismissal of plaintiff's Complaint for a Civil Case as well as plaintiff's action against defendant Oklahoma City Police Department is more appropriate.  The dismissal, under Rule 12(b)(5), will be without prejudice.

<u>Plaintiff's Motion</u>

In his "Notice of Motion and Motion to Amend Complaint," plaintiff appears to seek to amend his complaint.  For reasons discussed, the court finds that plaintiff's motion should be denied as the proposed amended complaint, the Amended Notice of Tort Claim, dated April 5, 2023, is not a proper pleading under Rules 10(a), 11(a) and 8(a), Fed. R. Civ. P.  The court also agrees with the individual defendants that the amended notice of tort claim is for submission to the municipality, here, the City of Oklahoma City, as a prerequisite to filing a lawsuit alleging state law tort claims, and not for filing with the court as a pleading for seeking relief.  Moreover, the court finds that the motion should be denied given that the court concludes that defendants' motions to dismiss under Rule 12(b)(5), Fed. R. Civ. P., should be granted and that the individual defendants should be dismissed pursuant Rule 4(m), Fed. R. Civ. P, for failure to serve process within the required 90-day period.

<u>Conclusion</u>

Upon review and for the reasons stated, "Defendant City's Motion to Dismiss" (doc. no. 15), filed March 22, 2023, and "Motion to Dismiss and/or Motion to Quash of Defendants Hodges, Ponder, and Sheets" (doc. no. 16), filed March 23, 2023, are **GRANTED**.  Plaintiff's Complaint for a Civil Case and action against defendants Jason Hodges - Badge #1142, FNU Ponder - Badge #2090, and FNU Sheets - Badge #1805 i**s DISMISSED WITHOUT PREJUDICE** under Rule

12(b)(5) and Rule 4(m), Fed. R. Civ. P.  Plaintiff's Complaint for a Civil Case and action against defendant Oklahoma City Police Department is **DISMISSED WITHOUT PREJUDICE** under Rule 12(b)(5), Fed. R Civ. P.   Plaintiff's Notice and Motion to Amend Complaint (doc. no. 21), filed April 5, 2023), is **DENIED**.  A separate judgment shall issue forthwith.

IT IS SO ORDERED this 14th day of April, 2023.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

22-1083p003.docx